**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

___FILED ___ENTERED
___LODGED ___RECEIVED

FEB 1 8 2009

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
           DEPUTY

UNITED STATES OF AMERICA

v.

CRIMINAL COMPLAINT

**KEVIN DORSEY**
      Defendant.

CASE NUMBER: 09-242 SKG

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief: On January 19, 2009, in the District of Maryland, Kevin Dorsey, the defendant, did knowingly and intentionally distribute and possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I narcotic controlled substance, in violation of 21 U.S.C. § 841(a)(1).

I further state that I am a detective with the Baltimore Police Department and a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives and that this complaint is based upon the following facts:

      See Attached Affidavit

Continued on the attached sheet and made a part thereof: ☐ Yes ☐ No

_____
Detective Michael Coleman
Task Force Officer
ATF

Sworn to before me and subscribed in my presence,

1/27/09 at 1:45 pm
Date and Time Issued

at Baltimore, Maryland

_____
United States Magistrate Judge

1.

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Michael Coleman, being duly sworn, do hereby solemnly swear and affirm:

1. I am a Detective with the Baltimore Police Department and a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and I am the case agent assigned to the investigation of this matter. I have been a police officer for over 14 years. For approximately the past six years, I have been deputized as a federal law enforcement officer and have been assigned as a Task Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). Since becoming a law enforcement officer, I have participated in numerous investigations of unlawful drug trafficking, violent crimes and firearms offenses. During that time, I have conducted or participated in surveillance, the execution of search warrants, the recovery of substantial quantities of narcotics and narcotics paraphernalia and firearms, and the debriefing of informants and cooperating witnesses.

2. This affidavit is in support of a Complaint against Kevin Dorsey. This affidavit is based upon my conversations with other law enforcement officers and other individuals and my review of relevant documents. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all of the facts that I have learned during the course of this investigation. Where the contents of the documents, and the actions and statements of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based on my participation in this investigation and on interviews with officers of the Baltimore Police Department (BPD), I have learned the following:

   a. On January 19, 2009 at approximately 11:20am, a Officer Kenneth Williams was in a plainclothes capacity in the vicinity of the 1500 block of Argyle Avenue, an area known for a high volume of illegal drug activity. While on the corner of the 1500 block of Argyle Avenue and the 600 block of Mosher Street, the officer observed an unknown black male with a green jacket (UM1) standing on the opposite corner with another unknown black male with a brown jacket (UM2). UM1 yelled out, "Block, Block, D Block, D Block right here, Block right here." Based on training and experience, the officer knew that "D Block" is a street term for heroin sold in that area.

   b. A black male, later identified as Kevin Dorsey, exited a grey Jeep Cherokee that was sitting in front of 1504 Argyle Avenue and walked over to the doorway of 1505 Argyle Avenue, a vacant property that is boarded up. UM1 again yelled out, "D Block right here" as he walked past Dorsey. At that time, another unknown black male in a black coat (UM3) walked up to Dorsey. Dorsey reached into the mailbox on the outside front wall of 1505 Argyle Avenue and pulled out a clear plastic bag containing small clear gelcaps containing a powder substance, suspected heroin. UM3 then handed Dorsey U.S. currency in bill form, and Dorsey reached into the plastic bag and handed UM3 a quantity of gelcaps from the bag. Dorsey then walked toward a blue Jeep Cherokee that pulled up into the block. Dorsey received U.S. currency in bill form

2.

from the driver of the vehicle and handed the driver a quantity of gelcaps from the bag. At that time, a police car came around the corner, and Dorsey placed the clear plastic bag with the gelcaps into his back left pocket and started walking quickly away from the patrol car.

      c. The grey Jeep Cherokee drove away from the scene. The blue Cherokee also drove away, at a high rate of speed. The plainclothes officer approached Dorsey, identified himself as a police officer, and placed Dorsey under arrest.

      d. Incident to arrest, the officer recovered the clear plastic bag containing 16 clear gelcaps of suspected heroin from Dorsey's back left pocket, as well as approximately $170 in cash from another pants pocket. UM1, UM2, and UM3 left the area while Dorsey was being arrested.

      4. Based on the foregoing, I respectfully submit that there is probable cause to believe that on or about January 19, 2009, in the District of Maryland, Kevin Dorsey, the defendant, did knowingly and intentionally distribute and possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I narcotic controlled substance, in violation of 21 U.S.C. § 841(a)(1).

_____
Detective Michael Coleman
Task Force Officer
ATF

Sworn to before me and subscribed in my presence,

____ day of _____, 2009

_____
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF MARYLAND

3.